UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BOBBIE J. THORNTON                                                                             PLAINTIFF

V.                                                                   CIVIL ACTION NO. 3:09cv408-DPJ-JCS

LOGAN'S ROADHOUSE, INC., and
DERRICK BARNES                                                                              DEFENDANTS

ORDER

This cause is before the Court on Plaintiff's Motion to Remand [5], Motion for Leave to Amend Complaint [20], and Motion to Strike [26]. On September 1, 2009, Plaintiff sought leave to amend her Complaint by joining Nick Ingalls as a defendant. Defendant Logan's Roadhouse, Inc., filed an untimely response on October 7, 2009, three weeks past the response deadline, without seeking leave of court. On October 26, 2009, Plaintiff filed a motion to strike Defendant's dilatory response. Again, Defendant failed to file a timely response, and as of this date, no response has been offered.

Under former Local Rule 7.2(C)(2), effective through November 30, 2009, "If a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed." The current version of the rule which became effective December 1, states that if a party fails to respond to a "dispositive motion," then it may be granted as unopposed. Local Rule 7(b)(3)(E).

In the present case, Defendant's dilatory response to the motion to amend encourages the Court to rule, in part, that Plaintiff dragged her feet in seeking to amend the complaint. The Court concludes that it would be inequitable to reach such a ruling, in that doing so would require the Court to overlook the fact that Defendant twice missed actual deadlines and has yet to

respond to the motion to strike. In any event, Plaintiff's Motion to Amend is well taken as is the Motion to Strike, which may also be granted as unopposed pursuant to Local Rule 7(b)(3)(E).

Because Plaintiff's amended complaint joins a nondiverse defendant, the Court does not have subject matter jurisdiction over this matter. As such, Plaintiff's Motion to Remand must also be granted. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 676 (5th Cir. 1999). (holding that a "court may not permit joinder of non-diverse defendants but then decline to remand"). The case is hereby remanded to the Circuit Court of Madison County, Mississippi.

**SO ORDERED AND ADJUDGED** this the 17th day of December, 2009.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE